

FRED R. SILVESTER (3862)
DENNIS J. CONROY (0712)
SPENCER SIEBERS (8320)
SILVESTER & CONROY, L.C.
230 South 500 East, Suite 590
Salt Lake City, Utah 84102
Telephone (801) 532-2266

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT IN AND FOR

## THE DISTRICT OF UTAH

| | |
|---|---|
| WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS, a Utah corporation, THE ACADEMY AT IVY RIDGE, a New York partnership,<br><br>    Plaintiffs,<br><br>vs.<br><br>THOMAS G. HOULAHAN, a foreign individual,<br><br>    Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 02/03/2004 @ 09:55:06<br>CASE NUMBER: 2:04CV00107 DAK |

COMES NOW plaintiffs World Wide Association of Specialty Programs and Schools, and the Academy at Ivy Ridge, by and through undersigned counsel, and hereby complain against defendant as follows:

### PARTIES

1.  Plaintiff World Wide Association of Speciality Programs and Schools (hereinafter

"World Wide") is an association of specialty schools which provide education and behavior modification for troubled teenagers. World Wide provides marketing support, including internet information, newsletters, and program information packets to parents on behalf of its member schools. World Wide is paid by its member schools to provide such support based in part on the number of enrollees in member programs.

2. World Wide is a corporation, organized under the laws of the State of Utah, with its principal place of business in St. George, Utah.

3. The Academy at Ivy Ridge is a specialty school, and member of the World Wide Association, located in Ogdensburg, New York.

4. Ivy Ridge is a partnership organized under the laws of the State of New York with its principal place of business in Ogdensburg, New York.

5. Defendant Thomas G. Houlahan is a resident of the District of Columbia.

## JURISDICTION

6. Defendant has caused injury to World Wide in Utah through his false, misleading and defamatory statements published to parents of students in World Wide member schools.

7. Upon information and belief, defendant has published defamatory statements concerning plaintiffs to Utah residents and members of the Utah State Bar.

8. Defendant is subject to personal jurisdiction in Utah pursuant to Utah Code Ann. § 78-27-26 because the acts complained of resulted directly from defendant's causing injury in Utah.

9. The amount in controversy exceeds $75,000 exclusive of costs.

10. Jurisdiction is proper in this court pursuant to 28 USC § 1332.

11.     Venue is proper in this court pursuant to 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

12.     In July of 2003, Laura Boatright enrolled her son at Ivy Ridge because of concerns with his behavior.

13.     Ms. Boatright was pleased with the care her son was receiving at Ivy Ridge.

14.     After her son was enrolled, Ms. Boatright participated in parent support groups in the Washington D.C. area. Through these groups, parents referred other parents with troubled teenagers to World Wide member schools, including Ivy Ridge.

15.     On or about January 19, 2004, Ivy Ridge informed Ms. Boatright that her son had violated the school's zero tolerance policy and could not remain at Ivy Ridge.

16.     Ms. Boatright determined to transfer her son to Tranquility Bay in Jamaica, another World Wide member school.

17.     Shortly after Ms. Boatright transferred her son, she was contacted by defendant at her home in Gaithersburg, Maryland.

18.     Defendant represented himself to Ms. Boatright as a reporter for the United Press International, or UPI.

19.     Defendant represented to Ms. Boatright he had been investigating World Wide and its member schools for over eight months.

20.     Defendant represented to Ms. Boatright he knew of facts surrounding her son's transfer from Ivy Ridge to Tranquility Bay.

21.     Defendant represented to Ms. Boatright her son had been physically abused at Ivy

Ridge.

22. Defendant represented to Ms. Boatright her son was being transferred to Tranquility Bay to facilitate further physical abuse.

23. Defendant's statements to Ms. Boatright were false.

24. Upon information and belief, defendant has contacted numerous other parents of students in World Wide member schools in the same or in a similar manner.

25. Upon information and belief, defendant has also published false and defamatory statements to such parents.

26. Upon information and belief, defendant has contacted an attorney in Utah involved in the filing of frivolous lawsuits against plaintiff World Wide. Knowing the claims in such lawsuits to be baseless and false, defendant nevertheless offered to use his position to publicize the claimants stories to injure plaintiffs.

## FIRST CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

27. Plaintiffs incorporate the preceding allegations of this complaint as though fully set forth herein.

28. World Wide is in the business of promoting enrollment in its member programs.

29. Ivy Ridge is in the business of providing counseling, education and behavior modification treatment to troubled teenagers.

30. Plaintiffs' business is greatly dependent on "word of mouth" referrals from parents and alumni.

4

31. Defendant intentionally and willfully published false and/or misleading information about plaintiffs to Ms. Boatright, a source of referrals for World Wide and its member schools.

32. Upon information and belief, defendant published false and defamatory statements to other parents.

33. Defendant knew the information published was false or acted recklessly in not determining the truth of the information.

34. Defendant published such false and misleading information with the intent to damage the reputation of World Wide and its member programs, including Ivy Ridge.

35. The false and misleading information published by defendant proximately caused plaintiffs to suffer damage to their reputations, as well as economic loss and costs associated with correcting the false and misleading statements made to Ms. Boatright.

36. Plaintiffs are entitled to general, special and punitive damages.

## SECOND CAUSE OF ACTION

### Injurious Falsehood

37. Plaintiffs incorporate the preceding allegations of this complaint as though fully set forth herein.

38. Defendant has engaged in the publication of false and disparaging statements that cast doubt upon the quality of services provided by plaintiff and its member schools, including Ivy Ridge.

39. Defendant has engaged in such publication maliciously, with knowledge of the falsity of his publications, or with a reckless disregard for the truth or falsity of such statements, for the purpose of causing damage and injury to plaintiffs.

40. As a direct and proximate result of the defamatory statements published by defendant, World Wide and its member schools have suffered damage to their reputations, as well as economic loss and costs associated with correcting the false and misleading statements.

41. Plaintiffs are entitled to general, special and punitive damages.

### THIRD CAUSE OF ACTION

### Defamation

42. Plaintiffs incorporate the preceding allegations of this complaint as though fully set forth herein.

43. Defendant published to a customer of plaintiffs false statements accusing World Wide and its member schools, including Ivy Ridge of criminal conduct, dishonesty, and other unconscionable business practices including the abuse and neglect of children.

44. Upon information and belief, defendant published similar statements to other parents, customers and potential customers of plaintiffs.

45. Defendant published the false information knowing it was false or in reckless disregard of the truth and with the expressed intent of damaging World Wide and its member schools.

46. Defendant published the false information without privilege, with the intent to harm World Wide and its member schools.

47. As a direct and proximate result of the defamatory statements published by defendant, World Wide and its member schools have suffered damage to their reputations, as well as economic loss and costs associated with correcting the false and misleading statements.

48. Plaintiffs are entitled to a presumption of damages arising out of defendant's statements which constitute defamation per se.

49. Plaintiffs are entitled to general, special and punitive damages.

NOW, WHEREFORE, plaintiffs pray for judgment to be entered against defendant for the following:

50. Compensatory damages for direct economic loss and general damages for damage to plaintiffs' reputation;

51. Damages arising from defendant's per se defamatory publications;

52. Punitive damages to punish defendant's conduct and to deter others from publishing similar defamatory and false statements made willfully, maliciously, and with intent to harm plaintiffs.

53. For costs and attorneys' fees and interest as provided by law.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of each cause of action set forth herein.

DATED this 2 day of February, 2004.

SILVESTER & CONROY, L.C.

*/s/ Fred R. Silvester*

Fred R. Silvester
Spencer Siebers

Attorneys for Plaintiffs