Thomas Houlahan,
Defendant, *pro se.*
4602 43rd Street, NW #1
Washington, D.C. 20016
Telephone (202) 362-5918

FILED

-3 MAY 04 PM 1:42

DISTRICT OF UTAH

BY: _____
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| World Wide Association of Specialty Programs and Schools,<br>　　　　Plaintiff,<br>vs<br>Thomas G. Houlahan,<br>　　　　Defendant. | **Defendant's Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue**<br><br>Civil No. 2:04CV00107<br><br>Judge Dale A. Kimball |

### I. Personal Jurisdiction.

**A. Burden of Production and Proof**

It is well settled that in a diversity action, a federal district court may exercise jurisdiction over a nonresident only to the extent that a court of the state could properly exercise jurisdiction. Moreover, when challenge is made to the propriety of the court's exercise of jurisdiction, the burden is on the plaintiff to establish that jurisdiction is proper under applicable law." *Applewhite v. Metro Aviation, Inc.*, 875 F. 2d 491 (5th Cir. 1989), cited in *Moore's Federal Practice* § 12.31[4]. The rule is no different in the Tenth Circuit, *Doe v. National Medical Services*, 974 F.2d 143 (10th Cir. 1992).

1

## B. Applicable Legal Tests

This court detailed the steps of analysis for personal jurisdiction in Utah on a defamation and tortuous interference claim in *Harnischfeger Engineers v. Uniflo Conveyor*, 883 F. Supp 608 (D. Utah 1995) and in *Proctor & Gamble Co. v. Haugen*, 179 F.R.D. 622 (D. Utah 1998). First, the plaintiff must show facts meeting the requirements of the Utah Long-Arm Statute. Second, it must show that those facts also satisfy the constitutional requirements of Due Process: Minimum Contacts, Fundamental Fairness, and adequate Nexus. (*Harnishfegger* at 612 and following; *Proctor & Gamble* at 627).

## C. Jurisdictional Facts as Pled in the First Amended Complaint

Not one specific event mentioned in the Complaint is alleged to have happened in Utah. As sworn in Defendant's Affidavit (submitted herewith as Exhibit 1) all of them in fact happened outside Utah. Each particular communication alleged to have been defamatory was to a non-resident of Utah and occurred in Maryland, North Carolina, California, Alaska, or South Carolina.

Contact with L.B. (Complaint ¶¶ 11-22) was entirely in Maryland, where she lives (Affidavit ¶ 5). The call from Defendant to C.M. (Complaint ¶¶ 23-28) was from Washington D.C. to Alaska. The calls and e-mails to C.M.'s ex-wife, and the calls and e-mails to their Daughter, were from Washington, D.C. to North Carolina, except for one telephone conversation with the mother and daughter while they were in California. (Complaint ¶¶ 29-43; Affidavit ¶¶ 7 and 8). The contact with Attorney Burton (Complaint ¶¶ 44-46) was by telephone from Washington D.C. to California (Affidavit ¶ 9). Attorney Burton was a non-resident of Utah, as

Plaintiff well knows, having successfully argued that point in the litigation to which the Complaint refers (Affidavit ¶ 10). The alleged contacts with various courts did not occur, but if they had, they would have had no connection to Utah (Affidavit ¶ 11). The contact with the South Carolina Department of Social Services was solely in that state (Affidavit ¶ 11).

As to alleged tortious acts in Utah, Plaintiff offers only a conclusory assertion of "statements concerning plaintiffs to Utah residents and members of the Utah Bar," and that only on "information and belief" (Complaint ¶ 5). This is insufficient on its face.

> If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. ...[That party bears] the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof. Mere conclusory allegations of jurisdiction are not enough. *U.S. ex rel. Hafter v. Spectrum Emergency Care*, 190 F.3d 1156, 1160 (10th Cir. 1999)(Citations and internal quotation marks omitted.)

The only well pled allegation of connection to Utah is that Plaintiff's reputation was damaged there. This is not enough under either the Utah statute or the Due Process Clause.

**D. Application and Argument**

**1. Utah Long-Arm Statute**

Plaintiff only invokes one of the grounds of jurisdiction listed in the statute: "the causing of injury within this state." Utah Code Ann. § 78-27-24 (3). The alleged injuries are "damage to its reputation," and "economic loss and costs associated with correcting the false and misleading statements." (Complaint ¶¶ 57,62,69) Although special damages are claimed generally, they are not specifically stated in accord with Rule 9 (g) and add nothing to the jurisdictional allegations.

Except that the alleged defamation was by mail rather than telephone, this case is precisely like *Harnischfeger Engineers v. Uniflo Conveyor*, decided by this court in 1995 (883 F.

Supp. 608). In that case the letter in question was sent from Kansas to Tennessee, and copies were sent to Virginia and Illinois. *Harnischfeger*, at 613.

> The letter was never published in Utah. ... HEI can at best argue that while Uniflo tortiously interefered with and defamed HEI in Tennessee, Virginia, and Illinois, Unflo "caused" a financial injury to HEI's business in Utah. Yet this argument has been flatly rejected by the Utah Courts as a basis for exercising specific personal jurisdiction. See, e.g., *Brown*, 1993 WL 643364, at *7 ("[J]urisdiction [cannot] be predicated solely upon financial injury occurring to a Utah resident.") (citing *Hydroswift Corp. v. Louie's Boats and Motors, Inc.*, 494 P.2d 532, 532 (Utah 1972); *Cannondale*, 750 F.Supp at 1075 ("[L]oss of profits within a state in which a place of business is maintained simply is an insufficient basis on which to find that the injury occurred within that state....") Indeed, acceptance of such an argument "would lead to the unacceptable proposition that jurisdiction could be established anywhere a plaintiff might locate." *Burt Drilling, Inc. v. Protadrill*, 608 P.2d 244, 250 (Utah 1980) (citations omitted). Accordingly, the court holds that Uniflo cannot be subject to suit in Utah under the "tortuous injury" provision of the Utah long-arm statute in as much as any injury in this case flowing from Uniflo's letter to Mr. Rego occurred, if at all, in Tennessee, Virginia, and Illinois—not in Utah. *Harnischfeger Engineers v. Uniflo Conveyor*, 883 F.Supp 608, 613 (D. Utah 1995)

Plaintiff's injury from the alleged communications occurred, if at all, in Maryland, North Carolina, California, Alaska, and South Carolina. This case has nothing comparable to Amway's Amvox business messaging system which provided the statutory nexus in *Proctor & Gamble* (179 F.R.D. at 629) nor the defamatory phone calls knowingly made into Utah which did so in *Berret v. Life Ins. Co of the Southwest*, 623 F.Supp. 946 (D. Utah 1985).

2. **Due Process:**

   a. **Minimum Contacts and Nexus**

There are no specific allegations in the Complaint from which one could infer that Defendant "purposely availed" himself "of the privilege of conducting activities in Utah." *Procter & Gamble* at 629. See *Hansen v. Denkla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958). Plaintiff's indirect injury theory was rejected as unconstitutional in *Hydroswift Corp. v. Louie's Boats and Motors, Inc.*, 494 P.2d 532 (Utah 1972) and in *Far West Capital Inc. v.*

4

*Towne*, 46 F.3d 1071 (10th Cir. 1995). In this case there are no allegations of connections to Utah from which Plaintiff's cause of action could have "arisen" or been "related to," so the nexus requirement of *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) adds nothing to the minimum contacts analysis.

### b. Fair Play and Substantial Justice.

"The fair play and substantial justice requirement 'essentially asks whether asserting jurisdiction over a non-resident defendant would be fair.'" *Procter & Gamble*, 179 F.R.D. at 629, quoting *Harnischfeger*.

#### (1). Convenience of the Parties

While the Plaintiff's name "World Wide Association of Specialty Programs and Schools," may be a slight overstatement, Plaintiff is active and represents institutions in many states and countries outside Utah. Defendant's investigations and communications have involved programs in Montana, New York, South Carolina, Costa Rica, Jamaica, Mexico, and the Czech Republic. (Affidavit ¶ 15). There is only one Defendant, a natural person, domiciled in New Hampshire, presently residing in Washington D.C., and amenable to suit in either jurisdiction. As indicated below in regard to Defendant's compulsory counterclaim, Plaintiff has purposely availed itself of the opportunity to communicate directly in the District of Columbia with United Press International, accusing Defendant of professional misconduct and preventing or delaying publication of his articles.

#### (2). Availability of Witnesses on Plaintiff's Claims

Every specific event described in the Complaint occurred in other states, and at very great distance from Utah. Every single person mentioned as hearing or receiving the allegedly

5

defamatory communications resides outside Utah, and, except for Attorney Burton, is not subject to subpoena in this case.

### (3). Other States' Greater Interests

The communications with the South Carolina Department of Social Services of which Plaintiff complains raise serious issues of privilege that are of vital interest to that state and almost certainly governed by its law. Defendant denies communications about matters to which the Complaint refers with Courts in either Alaska or North Carolina (Affidavit ¶ 11), but allegations based on any such communications would likewise raise serious issues of privilege, the administration of justice, jurisdiction, comity, and choice of law.

### (4). Availability of Witnesses on Defendant's Compulsory Counterclaim

If this case is not dismissed, Defendant will be compelled to assert a counterclaim. Plaintiff has purposefully made its allegations of professional misconduct to United Press International in Washington, D.C., delaying or preventing publication of Defendant's articles, interfering with his livelihood, and damaging his professional reputation. (Affidavit, ¶¶ 12 -14) Plaintiff has made the same allegations to others. (Affidavit, ¶ 13) None of the witnesses to these injurious falsehoods or the resulting damages are amenable to process in Utah, except, of course, those working there for the Plaintiff.

## II. Venue

Plaintiff invokes 28 U.S.C. 1391 generally. However, as this is a Diversity case and there is only one defendant only the first clause of § 1391 (a)(2) applies. It requires that the action be brought in "a judicial district in which a substantial part of the events or omissions

6

giving rise to the claim occurred." Every specific event alleged in the Complaint occurred in a District other that the District of Utah.

Respectfully submitted by

*Thomas G. Houlahan*

Thomas Houlahan,
Defendant, *Pro se.*

Certificate of Service:

I certify that I have served
This Memoradum, with Exhibit 1 (Affidavit),
on Plaintiff's Counsel this 1st day of May, 2004
by First Class U.S. Mail, postage prepaid,
Addressed to:
 Silvester & Conroy, L.C.
230 South 500 East, Suite 590
Salt Lake City, Utah 84102

*Thomas G. Houlahan*

Thomas Houlahan
Defendant, *Pro se.*

7