

FRED R. SILVESTER (3862)
DENNIS J. CONROY (0712)
SPENCER SIEBERS (8320)
SILVESTER & CONROY, L.C.
230 South 500 East, Suite 590
Salt Lake City, Utah 84102
Telephone (801) 532-2266

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT IN AND FOR

## THE DISTRICT OF UTAH

| | |
|---|---|
| WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS G. HOULAHAN, a foreign individual,<br><br>Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Civil No. 2:04CV00107<br><br>Judge Dale A. Kimball |

Plaintiff, by and through undersigned counsel, hereby respectfully submits this Memorandum in Opposition to Defendant's Motion to Dismiss. Defendant Houlahan challenges jurisdiction in Utah but has not been forthright concerning his contacts with the state. Information currently available suggests Mr. Houlahan has had extensive contacts with the State of Utah, more than sufficient for specific personal jurisdiction. World Wide is entitled to discovery to determine Mr. Houlahan's contacts with Utah residents and World Wide member schools.

Further, Mr. Houlahan is subject to Utah jurisdiction having targeted a Utah company for injury and causing such injury in this state. There is nothing unfair in hailing Mr. Houlahan to this district to answer for such conduct. Finally, venue is proper in this district where the events giving rise to this claim have occurred.

## ARGUMENT

### I. WORLD WIDE IS ENTITLED TO CONDUCT DISCOVERY ON THE ALLEGATION DISPUTED BY HOULAHAN THAT HE HAD SUFFICIENT SPECIFIC JURISDICTIONAL CONTACTS IN UTAH

World Wide is entitled to discover defendant Houlahan's contacts with Utah that would support specific jurisdiction. According to the Tenth Circuit Court of Appeals, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. National Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). Defendant's Motion to Dismiss argues only that none of the communications or acts set forth in plaintiff's complaint occurred in Utah. It is important to note that no where does Mr. Houlahan claim, in his motion or by affidavit, to have **not** had defamatory or otherwise actionable contacts with Utah residents, he merely states they were not set forth in the complaint. World Wide is entitled to discover the communications Mr. Houlahan did have with Utah residents.

For example, World Wide is entitled to discover what Utah contacts Mr. Houlahan made in "investigating" Utah schools. Houlahan's memorandum, on page 5, states, "Defendant's investigations and communications have involved programs in Montana, New York, South Carolina, Costa Rica, Jamaica, Mexico, and the Czech Republic." These "investigations and communications" of Mr. Houlahan's are the basis for this lawsuit. Houlahan's list includes every World Wide member

2

school, and one former member, **except** for the two member schools in Utah. It is simply not reasonable that Mr. Houlahan would "investigate" World Wide without "investigations and communications" with its oldest and largest member school, Cross Creek in La Verkin, Utah. Mr. Houlahan also omits "investigations and communications" concerning Majestic Ranch in Randolph, Utah.

Houlahan does not list Cross Creek and Majestic Ranch because his slanderous and improper "investigations and communications" would support jurisdiction, yet he stops short of affirmatively denying any such communications. Rather, Mr. Houlahan stated in January 2004, "I've spent more than eight months not only researching **each individual WWASPs facility**, but the teen behavioral modification industry as a whole." *See* E-Mail from Thomas G Houlahan to James Wall, attached as Exhibit A. Houlahan's Motion to Dismiss intentionally omits his contacts with World Wide's Utah schools. World Wide is entitled to discover Mr. Houlahan's "investigations and communications" with Utah residents and concerning World Wide's Utah member schools. This could be accomplished through a deposition of defendant and production of documents including notes of contacts, e-mails, and other written correspondence.

Houlahan more directly challenges his communications with Thomas Burton, a member of the Utah State Bar, and frequent litigant in this district court. Houlahan is correct that plaintiff successfully argued before Judge Stewart (unsuccessfully before this Court and Judge Campbell) that Mr. Burton was a California resident. However, in Supplemental Proceedings[1] in February of 2004

---

[1] Supplemental Proceedings were required in the case of *Dochterman v. Teen Help, et al*, for Mr. Burton's refusal to pay a sanctions award entered against him in the matter.

3

Mr. Burton testified he was a resident of Holladay, Utah. Just as Mr. Houlahan omitted mention of his "investigations" of Utah schools, World Wide is entitled to discover if Mr. Houlahan also omitted contacts with Mr. Burton in Utah encouraging Mr. Burton's frivolous lawsuits and offering to publicize Mr. Burton and his plaintiffs, knowing their claims could not stand up in a court of law but could make good newspaper fodder.[2] This discovery could be accomplished by depositions of defendant and Mr. Burton.

In *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3rd Cir. 2003), the defendant moved to dismiss claiming it did not sell or market toys in the United States and had no intention of doing so over its web site. The district court granted a motion to dismiss finding the web site did not allow for sales to United States customers and, therefore, the United States could not have jurisdiction. The Third Circuit overruled holding the information which could establish jurisdiction, i.e. "information regarding [defendant's] intent vis-a vis its Internet business and regarding other related contacts is known by [defendant], and can be learned by [plaintiff] only through discovery." *Id.* at 455. Thus, it was an abuse of discretion for the trial court to deny discovery. Instead, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Id.* at 456 (citations omitted).

Here, Houlahan's "investigations" in Utah, his communications with Utah residents, his contact of parents with children enrolled in World Wide member schools in Utah are all "pertinent facts bearing on the question of jurisdiction." *Sizova*, 282 F.3d at 1326. As such, refusal to grant

---

[2] All of Mr. Burton's cases have been dismissed but one, *Bardin v. Teen Help, et al*, pending in this Court. This Court issued its third Order to Show Cause on March 24, 2004 giving plaintiff 15 days to inform the court of the status of the case and state his intentions to proceed or suffer dismissal. There has been no response.

discovery on such matters would constitute an abuse of discretion. *Id.* Accordingly, World Wide moves for permission to conduct discovery on defendant Houlahan's Utah contacts pertinent to specific jurisdiction.

## II. SPECIFIC JURISDICTION IS APPROPRIATE OVER HOULAHAN UNDER THE EFFECTS TEST

Utah's long-arm statute must be interpreted to confer jurisdiction "to the fullest extent permitted by the due process clause." *Utah Code Ann.* § 78-27-22. Jurisdiction over Mr. Houlahan comports with due process and is therefore appropriate in accordance with Utah's long-arm statute. Here, Mr. Houlahan has sufficient minimum contacts with Utah to confer jurisdiction, such jurisdiction does not offend traditional notions of fairness and substantial justice, and plaintiff's claims arise out of Mr. Houlahan's contacts.

In Utah, "[i]n a tort case . . . jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state. Personal jurisdiction can be based upon intentional actions, expressly aimed at the forum state, causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state." *System Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp. 2d 1093 (D.Utah 2003)(finding Utah company with registered trademark felt "effects" of infringement in Utah). In *Burt v. Board of Regents of the Univ. of Nebraska*, the Tenth Circuit held, "no due process notions of fairness are violated by requiring one who intentionally libels another to answer for the truth of his statements in any state where the libel causes harm to the victim." 757 F.2d 242, 245 (10th Cir. 1985). This ruling adopted the United States Supreme Court's "effects test" as set forth in *Calder v. Jones*, 465 U.S. 783; 104 S. Ct. 1482

(1984).

In *Calder*, actress Shirley Jones sued a Florida citizen in California for publication of a defamatory article in the National Enquirer. The author argued he could not be sued in California because he had no contact with the state, had no control over publication of the Enquirer, and the mere fact he could foresee its publication in California was insufficient for personal jurisdiction.[3] The Court flatly rejected this position. As opposed to some kind of "untargeted negligence," the Court found the article's publication was expressly aimed at California, i.e. the state in which Ms. Jones lived and worked and where "the brunt of the injury would be felt." Therefore, the Court held, "petitioners must 'reasonably anticipate being haled into court there' to answer for the truth of the statements made in their article. An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause injury in California." 465 U.S. at 790.

In *Berrett v. Life Ins. Co. of the Southwest*, 623 F. Supp. 946 (D.Utah 1985), plaintiff insurance agency sold defendant's insurance policies in Utah. Subsequently, defendant telephoned its Utah policy holders from Texas and advised the policy holders to discontinue dealing with plaintiff based on alleged wrongdoings. The *Berrett* court held Utah had jurisdiction based on plaintiff's allegations of injury to its business reputation caused by defendant's out of state conduct. Specifically, the court ruled:

---

[3] Reeves copied her analysis of *Calder* from Sue Scheff's similar Motion to Dismiss. As Scheff did, Reeves quotes petitioners' arguments in her brief and misleadingly refers to them as the holding of the *Calder* Court. *See* Memorandum in Support at 16. Petitioners' arguments were rejected by the Court and constitute no part of the Court's holding or precedent.

> A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort . . . In this case, a strong public policy of the state of Utah is embodied in its long arm statute for redress of tortious acts which cause injury in this state.

*Berrett*, 623 F. Supp. at 951; *quoting in part Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770; 104 S. Ct. 1473, 1479 (1984). As stated by this Court, "[a] defendant's acts will come within the [long arm] statute if an injury should occur in the state even though the act causing the injury might occur elsewhere." *Romney v. St. Virgin Grand Villas Assoc.*, 734 F. Supp. 957, 960 (D.Utah 1990). The effects test would apply, and jurisdiction be proper, where "defendant's actions were expressly aimed at the forum state and . . . the forum state was the focal point of the tort." *Hydro Engineering, Inc. v. Landa, Inc.*, 231 F. Supp. 2d 1130, 1135 (D.Utah 2002).

Here, Mr. Houlahan's target is the World Wide Association, headquartered in St. George, Utah. Houlahan's "investigations" have taken place all over the country, but the focus has been World Wide. Houlahan has contacted parents and students all over the country, his intent in contacting those parents has been to defame and damage World Wide. According to Mr. Houlahan, jurisdiction would be properly based on his purely fortuitous contacts of parents living in Alaska, or in North Carolina, or in Maryland. Houlahan similarly posits jurisdiction would be proper in South Carolina where he contacted government officials, or in California where he called Mr. Burton. None of those states, however, has anywhere near the interest and ties to this case that Utah does. Whether he called New York or California, the focus of the tort was Utah.

For example, Mr. Houlahan called Lauren Staudt from the Department of Social Services in

South Carolina. Ms. Staudt's memorandum of their conversation demonstrates her focus was Carolina Springs Academy, located in South Carolina, while Mr. Houlahan's focus was World Wide. According to Ms. Staudt, "[Houlahan] is doing a series of articles based on his ongoing investigation of WWASPS programs. He said this is not a reputable organization and that six WWASPS programs have been shut down." *See* Exhibit B. Houlahan's focus on World Wide is clear, and the defamatory statement (i.e. that six WWASPS programs have been shut down) is targeted at World Wide in Utah, not South Carolina.

Likewise, in his February 17, 2004 e-mail to C.M.'s minor daughter, Mr. Houlahan wrote, "Now I'm fighting with the people who held you and 2,400 others captive." *See* Exhibit C. World Wide does not own or operate a single school, but to Mr. Houlahan there is no difference between World Wide and its member schools. Hence, Mr. Houlahan targeted World Wide - regardless of where any individual school was located. As Thomas Burton stated in his e-mail, "[Houlahan] is strongly against WWASP." *See* Exhibit D. Again, not against any single parent across the country or a single school, but against World Wide in Utah.

This is merely the evidence available at this initial stage of this litigation. Just as discovery will produce evidence of Mr. Houlahan's contacts with Utah, discovery will further demonstrate Utah is the focal point of Mr. Houlahan's tortious activities. Jurisdiction is thus proper in Utah as the aim and target of the Mr. Houlahan's injurious conduct. Houlahan relies on *Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc.*, 883 F. Supp 608 (D.Utah 1995), wherein this Court stated lost profits is insufficient to demonstrate injury within the state. Here, however, World Wide claims much more than lost profits in Utah. World Wide is claiming damage to its reputation, good will

8

and standing in the Utah business community, in the specialty school community, and in the community of parents seeking residential treatment for troubled youth. This damage goes far beyond lost profits.

The requirements of due process and Utah's long arm statute have been met. There is no injustice in requiring an out of state defendant to defend against intentional torts, such as defamation, in the state where such statements were intended to cause harm. Jurisdiction is therefore appropriate in Utah.

### III.  VENUE IS PROPER IN THIS COURT

Venue under 28 U.S.C. 1391(a)(2) is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." As set forth above, World Wide is entitled to discovery to determine Mr. Houlahan's actions in this district. That discovery will demonstrate that events giving rise to this claim did occur in Utah.

In addition, specific personal jurisdiction under the *Calder* effects tests places venue squarely in Utah. Under the effects test, all the events and omissions giving rise to World Wide's claim occurred in Utah such as the targeted effects on World Wide's reputation, good will and standing in the Utah business community, in the specialty school community, and in the community of parents seeking residential treatment for troubled youth.

### CONCLUSION

Defendant Houlahan has challenged jurisdiction in Utah but has not been forthright concerning his contacts with the state. World Wide is entitled to discovery to determine Mr. Houlahan's contacts with Utah residents and World Wide member schools. Further, Mr. Houlahan

is subject to Utah jurisdiction having targeted a Utah company for injury and causing such injury in this state.

DATED this 19th day of May, 2004.

SILVESTER & CONROY, L.C.

Fred R. Silvester
Spencer Siebers

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of May, 2004 a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was served by mailing the same via first-class U.S. Mail, postage prepaid to the following:

    Thomas Houlahan
    4602 43rd Street, NW #1
    Washingtion, D.C. 20016

Exhibits/Attachments to this document have **not** been scanned.

Please see the case file.