FILED
CLERK, U.S. DISTRICT COURT

-6 JUL 04 PM 2: 03

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WORLD WIDE ASSOCIATION OF SPECIALTY PROGRAMS AND SCHOOLS,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS G. HOULAHAN,<br><br>Defendant. | ORDER<br><br>Case No. 2:04CV-0107DAK |

This matter is before the court on Defendant's Motions to Dismiss for Lack of Personal Jurisdiction and Improper Venue. The motion has been fully briefed by the parties and this court has determined that oral arguments would not significantly aid the determination of the motion. After carefully considering the pleadings, memoranda, and other materials submitted by the parties and the law and facts relating to this matter, the court renders the following Order.

## BACKGROUND

Plaintiff is an association of specialty schools for troubled teenagers. Plaintiff is a Utah corporation with its principal place of business in St. George, Utah. The member schools within Plaintiff's association are located throughout the United States and in certain foreign countries. Defendant is a resident of the District of Columbia. Defendant is a reporter for the United Press International ("UPI") who researched and investigated Plaintiff's organization for several months.

1

13

Plaintiff sued Defendant for statements he made about the association to parents, students, attorneys, and government entities during his investigation. Plaintiff's Complaint alleges causes of action for intentional interference with prospective economic advantage, injurious falsehood, and defamation. Specifically, Plaintiff alleges that in July 2003, Defendant contacted L.B., whose son was enrolled at a member school Ivy Ridge located in Ogdensburg, New York and then transferred to another member school in Tranquility Bay in Jamaica, and claimed that L.B's son had been physically abused at Ivy Ridge and was transferred to Tranquility Bay to facilitate further abuse.

Plaintiff also alleges that Defendant contacted C.M. and his ex-wife, whose daughter was enrolled at a member school in Ensenada, Mexico, and told them that they should remove their daughter immediately because she was being abused by the staff. The contact with C.M. was apparently in Alaska and the contact with C.M.'s ex-wife was in North Carolina. Once C.M.'s daughter was removed from the school, Defendant also apparently contacted her in North Carolina on several occasions. Plaintiff alleges that Defendant defamed it and its member schools to C.M.'s daughter as well.

Plaintiff further alleges that Defendant contacted several other potential students, parents of students, and former students with the intent to defame and slander Plaintiff. Plaintiff also claims that Defendant contacted Thomas Burton, a member of the Utah State Bar, who has filed numerous lawsuits against Plaintiff.[1] Plaintiff alleges that Defendant asked Mr. Burton to

---

[1] Plaintiff's Complaint implies that the contact with Thomas Burton was in Utah because it states only that Mr. Burton is a member of the Utah State Bar. However, Mr. Burton filed an Affidavit stating that he had only one contact with Defendant prior to the filing of this lawsuit and that on that occasion he was in California.

2

contact his clients so that he could publish their stories. Moreover, Plaintiff alleges that Houlahan told the South Carolina Department of Social Services, the governmental agency responsible for licensing Plaintiff's member school Carolina Springs Academy, that Plaintiff was not a reputable organization, that six of its schools had been shut down, that the Carolina Springs's staff abused children, and that Carolina Springs misled governmental agencies.

## DISCUSSION

Defendant moves to dismiss this action arguing that this court does not have personal jurisdiction over him because he has no contacts with Utah. Plaintiff does not claim that there is general jurisdiction over Defendant in Utah. Rather, it claims that there is specific jurisdiction over Defendant in this case pursuant to Utah's Long-Arm Statute because Defendant's acts caused injury to Plaintiff in Utah. To overcome a motion to dismiss for lack of personal jurisdiction, "the plaintiff must make only a prima facie case of personal jurisdiction in order to defeat the motion." *First Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F. Supp. 2d 1167, 1170 (D. Utah 2001). In determining whether personal jurisdiction exists in a diversity action, the law of the forum state is applied. *Id.* at 1171.

The Utah Supreme Court has stated that "specific jurisdiction gives a court power over a defendant only with respect to claims arising out of particular activities of the defendant in the forum state. For such jurisdiction to exist, the defendant must have certain minimum local contacts." *Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992). "'In Utah, a three-part inquiry is used to determine whether specific personal jurisdiction exists: (1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3)

3

application of the Utah long-arm statute must satisfy the requirements of federal due process.'" *First Mortgage Corp.*, 173 F. Supp.2d at 1173 (quoting *Harnischfeger Engineers, Inc. v. Uniflo Conveyor Inc.*, 883 F.Supp. 608, 612-13 (D.Utah 1995)). The Legislature has declared that the Long-Arm Statute should be "applied so as to assert jurisdiction to the fullest extent permitted by the due process clause." Utah Code Ann. § 78-27-22. Accordingly, the Utah Supreme Court has stated that it "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d. 430, 433 (Utah 1988). Thus, the court must first determine whether the exercise of personal jurisdiction meets federal due process standards.

Under due process standards, the court must establish that Defendant has sufficient minimum contacts with the forum state such that he would anticipate being haled into court in that state. *See First Mortgage Corp.*, 173 F. Supp. 2d at 1173. "'Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum, ... and whether the plaintiff's claims arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state.'" *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091-92 (10th Cir. 1998)). For seemingly tenuous ties to the forum state, courts have looked to the "effects test" established in *Calder v. Jones*, which requires that the defendant's actions be expressly aimed at the forum jurisdiction and that the forum jurisdiction be the focal point of the tort and its harm. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995) (citing *Calder v. Jones*, 465 U.S. 783, 789 (1983)).

Applying the *Calder* test, the Tenth Circuit has stated that "the mere allegation that an

4

out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly interfered with a forum resident does not necessarily establish that the defendant possesses the constitutionally minimum contacts." *Far West Capital*, 46 F.3d at 1079. Instead, personal jurisdiction turns on "the extent to which the defendant has purposely availed itself of the forum's laws." *Id.* The "extent" is determined by the circumstances of the contact with the forum state. *Id.* at 1080. In addition, the court should consider whether the defendants actions were expressly aimed at the forum state and whether the forum state was the focal point of the tort. *Id.*

Plaintiff's Complaint alleges no specific contact Defendant had with Utah. The specific allegations in support of Plaintiff's claims all took place outside of Utah. The Complaint vaguely states, upon information and belief, that Defendant has published defamatory statements concerning Plaintiffs to Utah residents. However, in response to Defendant's motion, Plaintiff has not established any contact Defendant has had with Utah. Plaintiff only speculates that because it is based in Utah and Defendant was investigating and researching its organization that contact must have occurred. Plaintiff asks this court to grant it discovery on the jurisdiction issue, citing to a case involving subject matter jurisdiction. However, as stated above, in order to defeat a motion to dismiss for lack of personal jurisdiction, Plaintiff must make out a prima facie case of personal jurisdiction. *First Mortgage Corp. v. State Street Bank and Trust Co.*, 173 F. Supp. 2d 1167, 1170 (D. Utah 2001). Plaintiff's speculation is not enough to allow discovery and does not establish a prima facie case of the necessary contacts the court must find in order to exercise jurisdiction over a non-resident defendant.

To support a finding of personal jurisdiction, Plaintiff also relies on the fact that it was

injured in Utah as a result of Defendant's allegedly defamatory statements about its member schools. However, unlike *Calder* in which the defamatory remarks were published in the jurisdiction, there is no evidence that any of the alleged remarks in this case were published in Utah. *See Calder*, 465 U.S. at 789; *see also DeBry v. Godbe*, 992 P.2d 979 (Utah 1999) (stating that publication is an element of defamation under Utah law); *Keeton v. Hustler Magazine, Inc.* 465 U.S. 770, 777 (1984) (finding personal jurisdiction because the tort of libel occurs wherever the offending material is circulated). Beyond a vague statement that Defendant published defamatory statements to Utah residents, Plaintiff has failed to provide any evidence that the statements were in fact published in Utah. *See Harnischfeger*, 883 F. Supp. at 613 (noting that because a letter was never published in Utah, "the letter does not implicate Utah in any way"). Moreover, none of the specific allegations of Plaintiff's Complaint implicate any of Plaintiff's schools in Utah. Therefore, the court cannot conclude that Defendant's statements about specific member schools located outside of Utah to persons located outside of Utah were expressly aimed at Utah. Therefore, Plaintiff does not meet the *Calder* effects test. *Calder*, 465 U.S. at 789. Accordingly, this court concludes that the exercise of specific jurisdiction would violate the federal due process clause and, necessarily, the Utah Long-Arm Statute.

## CONCLUSION

Based upon the above reasoning, Defendants' Motion to Dismiss is GRANTED and this case is dismissed for lack of jurisdiction.

DATED this 6th day of July, 2004.

DALE A. KIMBALL
United States District Judge

blk

United States District Court
for the
District of Utah
July 7, 2004


* * CERTIFICATE OF SERVICE OF CLERK * *


Re: 2:04-cv-00107


True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:

    Mr. Fred R. Silvester, Esq.
    SILVESTER & CONROY LC
    230 S 500 E STE 590
    SALT LAKE CITY, UT  84102
    EMAIL

    Thomas G. Houlahan
    4602 43RD ST, NW 1
    WASHINGTON, DC  20016